J. Irwin Shapiro, J.
This is an application by the defendant for a writ in the nature of coram nobis to vacate the judgment of conviction entered against him in this court on the 28th day *110 of October, 1959, upon his plea of guilty to the crime of attempted grand larceny in the second degree.
A hearing on defendant’s application was heretofore ordered. The hearing was held before me.
It established indisputably that before the Judge [now no longer a member of this court] accepted the defendant’s guilty plea he said to the defendant ‘ ‘ If you plead guilty you in all probability will be sent away with your record and this could mean up to two and a half years in Sing Sing on a plea of guilty, do you understand? ”, to which the defendant replied 11 Yes The plea was thereafter accepted. When the defendant came on for sentence he was sentenced and committed to the Elmira Reception Center where his maximum term of imprisonment was fixed at five years.
Unquestionably the learned Acting County Judge proceeded in the utmost good faith in imposing the sentence that he did. It was no doubt motivated by the facts contained in the probation report and was one which was well merited by the defendant. However, the plea having been accepted after the court made an affirmative representation that ‘ ‘ this could mean up to two and a half years in Sing Sing on a plea of guilty ’ ’, which in the normal course of one’s understanding could only be taken to mean that the court was powerless to impose a sentence which went beyond that, a sentence which subjects the defendant to confinement for up to five years may not stand.
The District Attorney argues that the defendant had requested to be permitted to take the plea to ‘ ‘ attempted grand larceny in the second degree to cover each and every count of the indictment ” before the foregoing statement was made by the court and that, therefore, the defendant’s plea could not have been influenced by that statement.
That contention may be correct but it is also true that the court had not yet accepted the plea of guilty at the time that he made the representation that he did with respect to the maximum sentence that he could legally impose and that the defendant was then still in a position to withdraw his request to be permitted to plead guilty.
Under such circumstances a defendant’s rights may not be refined away by sophistry, or by an attempt to discover after the event what might have happened if the representation had not been made. It was made and it should be honored.
The defendant does not contend that he was not guilty of the crime to which he plead. His contention merely is that the sentence imposed upon him under that plea exceeded that which had been promised to him by the court. To sustain the writ in *111 its entirety and thereby to bring about not only a vacating of the sentence but also of the underlying plea itself would give the defendant more than he is entitled to receive. He is entitled to be sentenced in accordance with the promise made to him but no more than that. (Cf. People v. Farina, 2 N Y 2d 454.)
Accordingly, the writ is sustained to the extent of vacating the sentence heretofore imposed and the defendant is directed to be brought before this court for resentence on Monday, January 22, 1962 at 10:00 a.m. in the forenoon of that day at which time the court will impose a sentence, nunc pro tunc, in conformity with the promise made to the defendant at the time that he entered his plea.